**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

OSCAR GUILLEN,                     )
                                   )
          Petitioner,              )
                                   )
v.                                 )   No. 1:05-cv-1080-RLY-TAB
                                   )
CRAIG HANKS, Superintendent,       )
                                   )
          Respondent.              )

**Entry Discussing Petition for Writ of Habeas Corpus**

"We should not be too ready to exercise oversight and put aside the judgment of prison administrators; it may be that a constitutional challenge to a disciplinary hearing such as [this] will rarely, if ever be successful." *Ponte v. Real,* 471 U.S. 491, 499 (1985) (citation omitted). Petitioner Guillen's challenge to a disciplinary proceeding identified as No. MCF 05-03-0433 does not present one of the rare challenges to which *Ponte* refers. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

    1.    On March 23, 2005, a conduct report was issued charging Guillen with threatening, which not surprisingly is a violation of prison conduct rules at the Miami Correctional Facility. The conduct report recites that as Counselor Mann was delivering a piece of correspondence, Guillen asked Mann to provide him (Guillen) with an ink pen. The counselor said "no" because Guillen had a working pen in his hand and because indigent pens were reserved for offenders who did not have any pens. Guillen became upset and started kicking his door and yelling, "I'm coming back to this town to kill you and steal all your money."

    2.    After being supplied with a copy of the written charge and notified of his procedural rights, Guillen was found guilty of insolence/vulgarity. He was sanctioned. Contending that the proceeding was constitutionally infirm, Guillen now seeks a writ of habeas corpus. He contends that he did not receive adequate advance notice of the charge, that the discipline which was imposed violated his First Amendment right to free speech and that the conduct board was not impartial.

    3.    A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

4.      "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Guillen was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

5.      Using the protections recognized in *Wolff* as an analytical template, Guillen received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Guillen was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and reviewing authority issued a sufficient statement of their findings, and (3) the conduct board and the reviewing authority issued a written reason for their decisions and for the sanctions which were imposed. With respect to the sufficiency of the evidence, the evidence favorable to the conduct board's decision is set forth in the conduct report issued on March 23, 2005, and has already been described. The information recited in the conduct report contains ample information from which the conduct board could have reasonably found Guillen guilty of the misconduct with which he had been charged. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented").

6.      Guillen's contentions that the proceeding was constitutionally infirm are unpersuasive.

   a.      Guillen's contention that he was not given advance notice of the lesser charge of Insolence is meritless. There was adequate notice given to him because there was no change in the factual basis for the offense for which he was ultimately found culpable. Because the factual basis of the conduct report gave Guillen all the information he needed to defend against the infraction of Insolence, the finding of this lesser charge did not deprive him of due process. *See Northern v. Hanks,* 326 F.3d 909, 910-11 (7th Cir. 2003) (where petitioner was notified of facts underlying the charge, there was no due process violation where reviewing authority modified the charge on appeal). Even in the more formal and regimented setting of criminal law, "[b]ecause the lesser offense necessarily contains a subset of the elements of the greater offense, it is appropriate and 'common sense' to order conviction on the lesser charge when the evidence supports the lesser offense." *United States v. Cavanaugh,* 948 F.2d 405, 412 (8th Cir. 1991). The sufficiency of the evidence has already been considered.

   b.      Guillen contends that the conduct for which he was punished was merely the exercise of his right to free speech. This claim suggests that prisoners have the right to issue threats, or at least to show insolence towards, prison staff. Such a situation would be untenable, and is not commanded by the Constitution. On the contrary, a prisoner retains only those rights that are not inconsistent with his status as a prisoner or with the legitimate penological goals of the corrections system. *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977). This is as true of the right to free speech as it is of any other constitutional right. *Id.*

      c.    Guillen contends that the conduct board was biased against him. In instances of bias or partiality, due process requires recusal of the decision-maker only where the decision-maker has a direct personal or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman,* 717 F.2d 1105, 1113 (7th Cir. 1983) (citing *Rhodes v. Robinson,* 612 F.2d 766, 773 (3rd Cir. 1979)). Guillen has not shown, nor has he even suggested, any substantial involvement on the part of board members in the circumstances underlying the charge against him. In fact, the only involvement appears to be their role as conduct board members. Guillen argues that two of the board members harbored some animosity toward him, but this general statement of ill-will does not show that the conduct board was other than impartial. While it is certainly true that unremitting tension exists between guards and inmates, who are forced to co-exist "in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so," *Wolff*, 418 U.S. at 561-62, this environment does not poison every measure taken by prison authorities to enforce rules of behavior. On the contrary, a board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to Wolff's procedural requirements, does not pose a hazard of arbitrariness which violates due process. *Wolff*, 418 U.S. at 571. *See McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999)("as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Guillen's claim that he was denied an impartial decision-maker is without merit.

      7.    In short, claims such as those presented in this case must be considered in light of the special environment of a prison, where administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted). "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Guillen to relief. His claim that he was denied the protections afforded by *Wolff* is either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: October 12, 2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana