UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| OSCAR GUILLEN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:05-cv-1080-RLY-TAB |
| ) | |
| CRAIG HANKS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Concerning Selected Matters**

**I.**

A **copy** of the petitioner's motion to alter or amend judgment shall be included with the distribution of this Entry.

**II.**

This action for a writ of habeas corpus was dismissed through the issuance of a Judgment entered on the clerk's docket on October 12, 2005. The petitioner has filed a motion to alter or amend judgment.

The post-judgment motion was signed by the petitioner within ten (10) business days following the entry of judgment on the clerk's docket. Accordingly, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. This is because all motions that substantively challenge the judgment, filed within 10 business days of the entry of judgment will be treated as based on Rule 59, "no matter what nomenclature the movant employs." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the petitioner's claims, nor did it misapply the law to those claims in light of the underlying record and the applicable law. Accordingly, the post-judgment motion to alter or amend judgment is **denied.**

**IT IS SO ORDERED.**

Date: 11/08/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Oscar Guillen, Sr.
DOC #950987
Wabash Valley Correctional Facility
P.O. Box 1111
Carlisle, IN 47838-1111

Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
402 West Washington Street
Indianapolis, IN 46204-2770